McKinney, J,,
delivered the opinion of the Court.
The prisoner was convicted of murder in the second degree, and sentenced to ten years in the penitentiary. There was a motion for a new trial, and, also, in arrest of judgment — both of which were overruled.
The proof is not set forth in the bill of exceptions. Two errors are alleged to have intervened in the progress of the trial. The first is, that the court discharged two of the jurors, after- they had been regularly elected and chosen by the prisoner, and had taken their seats in the jury-box. It appears from the record, that during the process of impaneling the jury, and after six jurors had been selected, it was discovered that one of the six was intoxicated; and thereupon it was suggested by the court, that he be excused from serving on the jury; and the counsel for the prisoner and the Attorney General assenting to his discharge, it was ordered, accordingly, by the court. On the next morning, and before a jury was made up, one of the .six jurors selected on the preceding day, was, at the request of the counsel for the defendant and the Attorney General, excused by the court from serving on the jury, for the reason that his wife had been taken very ill.
It is now objected, that the court had no power to discharge said jurors. This objection is not tenable. The jurors had not been charged with the trial of the prisoner. Their discharge was with the consent of the prisoner’s counsel; and, as the record shows that the prisoner was present, in proper person, it must be taken to have been with his consent also. It is not pretended that the prisoner was in anywise prejudiced by the release *522 of said jurors; and he cannot now he heard to impeach the regularity of the proceedings on that ground.
The second error assigned is, that after the jury had retired from the bar, to consider of their verdict, one of the number made a statement, as of his own knowledge, to his fellow jurors, to the effect that the prisoner was a violent, dangerous, man; that he had stabbed other persons, and should not be turned loose upon the community. This statement is verified by the affidavit of the prisoner alone. Upon this unsupported affidavit, an application was made to the court to award compulsory process, to bring before the court certain of the jurors, to testify as to the matter alleged in said affidavit — the jurors refusing, as is stated, to appear voluntarily. The court refused the application. In this there is no error. What might have been the effect of the statement alleged to have been made by the juror, if the fact had been established, we need not now declare. It is sufficient to say, that the jurors were not subject to be called on to convict themselves of a palpable violation of duty; for which, if guilty, they were liable to be punished by the court.
The exceptions taken to the indictment are merely technical, and not available after verdict.
There is no error in the record.
Judgment affirmed.